UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**AMERICAN CONTRACTORS**
**INDEMNITY COMPANY,**

        Plaintiff,

v.                                         Case No: 6:20-cv-1691-GAP-EJK

**REGIS SOUTHERN, INC., CHRIS**
**M. NETRAM, RAMASAR**
**BHAGU, RANJIT K. CHETRAM**
**and GULF COAST BANK &**
**TRUST COMPANY,**

        **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

This cause comes before the Court on Plaintiff American Contractors Indemnity Company's Motion for Default Final Judgment (the "Motion") (Doc. 51), filed February 25, 2021. In the Motion, Plaintiff seeks a default judgment against Defendants, Regis Southern, Inc., Chris M. Netram, Ramasar Bhagu, and Ranjit K. Chetram, after they failed to respond to the Complaint (Doc. 1). After reviewing the Motion and the Declaration of Patrick Laverty (Doc. 51-1) submitted in support of same, I respectfully recommend that the Motion be granted.

**I.  BACKGROUND**

This is a breach of contract action filed by American Contractors Indemnity Company ("Plaintiff") relating to an indemnity agreement between Plaintiff and

Defendants Regis Southern, Inc. ("RSI"), Chris Netram, Ramasar Bhagu, and Ranjit Chetram (the "Indemnitors") (collectively, "Defendants"). (Doc. 1.) Plaintiff issued payment and performance bonds naming RSI as principal on construction projects in Florida. (*Id.* ¶¶ 23–24.)[1] Plaintiff alleges that the Indemnitors breached the General Indemnity Agreement ("Agreement") by failing to resolve claims from an obligee and subcontractors working on the projects, causing Plaintiff to incur costs to resolve these claims. (*Id.* ¶¶ 25–29.) Plaintiff alleges that it has incurred losses in the amount of $161,571.09, plus attorneys' fees. (*Id.* ¶ 28.)

Plaintiff now moves for a default judgment against RSI, Netram, Bhagu, and Chetram only as to the breach of contract claim (Count II).[2] Plaintiff has voluntarily dismissed its other claims pled in the alternative to Count II (Counts I, III, IV, V, and VI.) (Docs. 51 ¶ 6; 53.)

---

[1] The Florida Department of Environmental Protection ("FDEP") and the Florida Department of Transportation ("FDOT") were initially named as defendants in this case. (Doc. 1 ¶¶ 92–139). Under Counts VII, VIII, and IX of the Complaint, Plaintiff sought a declaratory judgment that it was entitled to payment from those funds. *Id.* FDEP and FDOT sought to be dismissed from this action on the ground that they are immune from suit in this Court under the Eleventh Amendment. (Docs. 17, 18.) The Court granted those motions and dismissed with prejudice FDEP and FDOT. (Doc. 44.)

[2] Plaintiff had been unable to obtain a clerk's default against Defendant Gulf Coast Bank & Trust Company. The undersigned had twice denied without prejudice Plaintiff's motion for entry of clerk's default against it. (Docs. 45, 50.) On July 10, 2021, Plaintiff filed a Notice of Voluntary Dismissal of all claims against Gulf Coast Bank & Trust Company (Counts VII, VIII, and IX). (Doc. 53.)

## II.     STANDARD

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear. Fed. R. Civ. P. 55(b)(2). The mere entry of a default by the Clerk does not, in itself, warrant the Court's entering a default judgment. *See Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). Rather, a defaulted defendant is only deemed to admit the plaintiff's well-pled allegations of fact. *Id.* "Thus, before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.* (emphasis in original).

"Once liability is established, the court turns to the issue of relief." *Enpat, Inc. v. Budnic,* 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011). "Pursuant to Federal Rule of Civil Procedure 54(c), '[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings,' and a court may conduct hearings when it needs to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." *Id.* (citing Fed. R. Civ. P. 55(b)(2).) Where all the essential evidence is of record, an evidentiary hearing on damages is not required. *SEC v. Smyth,* 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

## III. DISCUSSION

### A. Service of Process

Netram, Chetram, and Bhagu were all personally served (Docs. 16, 12, 13, respectively), making service effective under Federal Rule of Civil Procedure 4(e)(2)(A). Subsequently, the Clerk issued defaults against them. (Docs. 21, 25, 46.) RSI was served by delivering the summons and Complaint to Ramjit Chetram, as manager for RSI, who resides in Florida. (Doc. 10). RSI initially appeared through counsel (*see* Doc. 32), but ultimately did not file a timely response to the Complaint. The Clerk then issued default against it. (Doc. 46.)

### B. Jurisdiction

The Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Defendants are citizens of diverse states and the amount in controversy exceeds $75,000. (*See* Doc. 1, ¶¶ 1–6.) The Court has personal jurisdiction over Defendants, and venue is proper, because the individual Defendants reside in Florida, RSI has its principal place of busines in Florida, and because the projects at issue are located in Florida. (*Id.* ¶¶ 3–6, 12.)

### C. Liability

Plaintiff moves for default judgment against Defendants for breach of contract (Count II). The elements for a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages. *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999). Plaintiff has pled the existence of a valid contract—the Agreement—

entered into by Regis Southern, Inc., as principal, and Netram, Chetram, and Bhagu as Indemnitors, in favor of Plaintiff. (Doc. 1 ¶ 16; Doc. 1-1 (Agreement).)

Plaintiff has also plead a material breach that resulted in damages. The Agreement states that the Indemnitors were obligated to indemnify Plaintiff from all demands as a result of executing the payment and performance bonds. (Doc. 1 ¶ 18.) Specifically, according to the Agreement, the Indemnitors agreed, in part, to:

> [J]ointly and severally, exonerate, indemnify, keep indemnified, reimburse and save and hold the Surety harmless from and against any and all demands, liabilities, losses, costs, damages, attorneys' fees and expenses, investigative fees and expenses, accountants' fees and expenses, engineering and other professional or consultants' fees and expenses of any kind, in-house attorneys' fees and expenses, interest, court costs and any and all other types of losses, costs or expenses of whatsoever kind or nature . . . .

(Doc. 1-1 at 3.)

As a result, Plaintiff issued the payment and performance bonds naming RSI as principal at Indemnitors' request on various construction projects. (Doc. 1 ¶¶ 23, 24.) Plaintiff subsequently received claims against the bonds from an obligee and various subcontractors but RSI refused or was unable to resolve the claims, forcing Plaintiff to incur losses. (*Id.* ¶¶ 25–28.) Therefore, I find that Plaintiff has pled a prima facie claim of breach of contract against Defendants.

### D. Damages

In support of Plaintiff's claim for damages, it submitted the Affidavit of Patrick Laverty, Vice President of Bond Claims for Plaintiff. (Doc. 51-1.) He states Plaintiff

issued payment and performance bonds naming RSI as principal on the following projects:

| Bond No. | Project | Obligee |
|---|---|---|
| 1001119260 | Pneumatic Water Tank Replacement in Rainbow Springs Park, Rainbow Springs Park, Marion County, Contract No. CN437 ("Rainbow Springs Project") | State of Florida Department of Environmental Protection |
| 1001119285 | BDC44-17/18 Bathhouse Renovation & Water Supply Line Replacement in Faver ("Bathhouse Project") | State of Florida Department of Environmental Protection |
| 1000119214 | Construction of Turnouts, Sodding, Drainage Improvements, Contract No. E5U94 ("Turnouts Project") | State of Florida Department of Transportation |

Mr. Laverty informs the Court that Plaintiff paid out the following amounts to resolve those claims made against the payment and performance bonds:

- Payment Bond Claims on the Turnouts Project totaling $30,903.85;

- Pre-litigation attorneys' fees and costs related to the Turnouts Project totaling $996.50;

- Payment Bond Claims on the Bathhouse Project totaling $34,168.50;

- Pre-litigation attorneys' fees and costs related to the Bathhouse Project totaling $804.00;

- Payment Bond Claims on the Rainbow Springs Project totaling $96,498.74; and

- Pre-litigation attorneys' fees and costs related to the Rainbow Springs Project totaling $12,764.50.

(Doc. 1-1 ¶ 7 & Ex. A (itemizing payments).) Thus, Plaintiff's total principal damages, including pre-litigation attorneys' fees and costs, for payments it made prior to this litigation is $176,136.09. As such, the undersigned recommends that the Court award Plaintiff damages in the amount of **$176,136.09**, against Defendants, jointly and severally, per the terms of the Agreement.

Plaintiff also seeks prejudgment interest from March 25, 2020 to present on the losses it suffered (excluding the attorneys' fees and costs). Thus, it seeks interest on the $161,571.09 in payment bond claim losses paid from March 25, 2020 (the most recent date that Plaintiff paid a claim on the bonds) through the present, at the statutory interest rate of 6.83%, for a total of $14,329.02 ($30.23 daily rate x 474 days). The undersigned recommends that the Court award Plaintiff prejudgment interest in the amount of **$14,329.02**.

IV. **RECOMMEDATION**

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** Plaintiff American Contractors Indemnity Company's Motion for Default Final Judgment (Doc. 51) and **ENTER** a default final judgment on Count II of the Complaint against Regis Southern, Inc., Chris M. Netram, Ramasar Bhagu, and Ranjit K. Chetram, providing that they are **jointly and severally liable** to Plaintiff for damages in the amount of **$176,136.09**, plus

prejudgment interest in the amount of **$14,329.02**, for a total award of **$190,465.11**.

2. **DIRECT** the Clerk of Court to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 12, 2021.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE